45 So.2d 632

DAMMAN et al. v. VIADA.

No. 38962.

March 20, 1950.

Richard J. Meunier, John T. Charbonnet, New Orleans, for plaintiff-appellant.

Bernard J. Bagert, New Orleans, for defendant-appellee.

PONDER, Justice.

In this suit the plaintiff, as tutrix of her minor child, seeks to have the defendant adjudged the father of the child. Her demand was rejected in the lower court and she has appealed.

The plaintiff alleges that she has never been married; that during October 1945 the defendant persuaded her to have sexual intercourse with him from which the minor child was born on July 28, 1946; that no legal impediment has ever existed for a marriage between plaintiff and defendant; that the defendant refuses to acknowledge that he is the father of the child and has refused to contribute to its support. She alleges in her amended petition that the defendant had sexual intercourse with her five times on three occasions in Detroit, Michigan during the months of October and November 1945; and that she was engaged to be married to the defendant at the time these acts took place.

The defendant in his answer denied that he had ever had sexual intercourse with the defendant and avers that the plaintiff had sexual intercourse with various naval officers at Detroit during the months of September, October and November 1945.

"Illegitimate children, who have not been legally acknowledged, may be allowed to prove their paternal descent." Article 208, R.C.C.

"In the case where the proof of paternal descent is authorized by the preceding article, the proof may be made in either of the following ways:

"(1) By all kinds of private writings, in which the father may have acknowledged the bastard as his child, or may have called him so: (2) When the father, either in public or in private, has acknowledged him as his child, or has called him so in conversation, or has caused him to be educated

as such: (3) When the mother of the child was known as living in a state of concubinage with the father, and resided as such in his house at the time the child was conceived." Article 209, R.C.C.

"The oath of the mother, supported by proof of the cohabitation of the reputed father with her, out of his house, is not sufficient to establish natural paternal descent, if the mother be known as a woman of dissolute manners, or as having had an unlawful connection with one or more men (other than the man whom she declares to be the father of the child) either before or since the birth of the child." Article 210, R.C.C.

The testimony of the plaintiff and defendant is in hopeless conflict. Several letters from the defendant to the plaintiff were introduced in evidence. There is language in these letters indicating that there might have been an improper relationship between them and that the defendant was cognizant of the pregnancy of the plaintiff. In these letters it appears that the defendant gave the plaintiff advice concerning her pregnancy. However, there is nothing in these letters to indicate that the defendant recognized or acknowledged that he was the father of the child. The evidence produced by the defendant to prove the plaintiff's familiarity with other men is vague and not sufficient to establish this fact.

The plaintiff has failed to prove the paternal descent of the child as required by the provisions of Article 209, Revised Civil Code. The writings she relies on do not contain an acknowledgment of the child by the defendant. Moreover, the plaintiff alleged and testified that the defendant has refused to acknowledge the child.

Article 210, R.C.C. has no application because there is no proof of cohabitation between the parties to support the testimony of the plaintiff.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.